## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHEAL N. B. ATTAWAY,**

        **Plaintiff,**

**v.**

**DARREN GALLOWAY, WARDEN WALKER, OFFICER LOGSDON, LIEUTENANT BRIAN BANKS, MS. SMITH, and LATOYA HUGHES,**

        **Defendants.**

**Case No. 24-cv-689-RJD**

## MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

Plaintiff Micheal N.B. Attaway, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Attaway alleges the defendants failed to protect him from numerous assaults, in violation of the Eighth Amendment and retaliated against him in violation of the First Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In the Complaint, Attaway makes the following allegations: After filing two other federal lawsuits, Attaway was placed in a new cellhouse with an inmate that was bigger and stronger than him (Doc. 1, p. 13). Attaway told Warden Darren Galloway, Warden Walker, Officer Logsdon, Lieutenant ("Lt.") Brian Banks, Ms. Smith, and Latoya Hughes that he wanted to be permanently single-celled because he was raped by a previous cellmate (*Id.*).[2] Despite his requests for a single-cell, Attaway has continued to be placed in cells with other inmates, leaving him exposed to further assaults (*Id.* at pp. 13-14).

On May 29, 2023, two days after the rape by his previous cellmate, Attaway was transferred to another cell and placed with a cellmate. The cellmate was moved out of the cell two days later (*Id.* at p. 14). On either June 1 or June 2, inmate Kevin Parker was placed in Attaway's cell (*Id.*). From June 5, 2023 through October 11, 2023, Parker raped Attaway three times a week, on Mondays, Wednesdays, and Fridays (*Id.* at p. 15). During this period, Attaway was raped a total of 56 times (*Id.*). Attaway tried to refuse housing

---

[2] The earlier assault is the subject of another lawsuit initiated by Attaway. *See Attaway v. Hallcon's Safety Director, et al.,* Case No. 23-2613-GCS.

and spoke to wing officers and sergeants in the cellhouse, but they merely told him to go back to his cell (*Id*.).

While in the cell with inmate Parker, Attaway wrote "requests/statements" to Warden Galloway, Warden Walker, Lieutenant Banks, and Ms. Smith (*Id*.). He also sent a letter to Latoya Hughes, the acting director of IDOC, but he never received a response from any of the officials (*Id*. at p. 16).

Attaway alleges that he tried calling the PREA hotline to no avail and felt he had exhausted all of his options. As a last resort, Attaway devised a scheme to make it look like he was committing a bribery or extortion in order to receive a disciplinary ticket and escape the cell with inmate Parker (*Id*. at p. 16). Despite his efforts, the defendants failed to take Attaway's concerns seriously (*Id*. at p. 17). Instead, on October 11, 2023, he was placed in restrictive housing with another inmate who was bigger and stronger than him (*Id*.). On October 23, 2023, without any warning, the cellmate raped Attaway (*Id*.). Attaway alleges that his new cellmate raped him again on October 25 and October 27 (*Id*.). In addition to the rape on October 27, his cellmate punched Attaway in the eye, nose, and ear a total of 40 times before officers intervened (*Id*. at p. 18).[3]

Attaway further alleges that the defendants are trying to silence him (*Id*. at p. 18). From February 13 – 15, 2024, Attaway was placed on crisis watch and had all of his clothes

_____

[3] On March 19, 2024, Attaway submitted a written statement that includes additional allegations about his placement after the October 27, 2023 attack (Doc. 9). But the Court does not accept piecemeal amendments to the Complaint. To the extent that Attaway seeks to add these additional allegations, he would need to file an Amended Complaint containing both his original and new allegations.

and property taken from him (*Id*. at p. 19). He was forced to wear a suicide smock and blanket (*Id*.). He was again placed on crisis watch from February 22-28, 2024 (*Id*.). Attaway describes his time on suicide watch as psychological torture (*Id*.). He alleges that officers told him that Warden Galloway ordered Attaway's placement on crisis watch because Attaway named Galloway as a defendant in his other lawsuits (*Id*. at pp. 19-20). He also alleges that he heard both "Darren Galloway's and Ms. Smith's names...thrown into the mix" as officials who authorized his placement (*Id*. at p. 19).

## <u>Discussion</u>

Based on the allegations in the Complaint, the Court designates the following counts:

| Count 1: | **Eighth Amendment failure to protect claim against Darren Galloway, Warden Walker, Officer Logsden, Lieutenant Brian Banks, Ms. Smith, and Latoya Hughes for failing to protect Attaway from the assaults by his cellmates.** |
|---|---|
| Count 2: | **First Amendment retaliation claim against Warden Galloway and Ms. Smith for placing Attaway on crisis watch in retaliation for filing lawsuits against them.** |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[4]

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 1**

To state an Eighth Amendment failure to protect claim, a prisoner must allege that (1) "he is incarcerated under conditions posing a substantial risk of serious harm," and (2) defendants "acted with deliberate indifference to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). A plaintiff also must show that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing "that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).

Here, Attaway fails to allege that the defendants were aware of a specific, impending threat to his safety. Although he alleges that he informed the defendants that he wanted to be single-celled, nothing in the Complaint suggests that the defendants were aware of impending threat to Attaway's safety from his subsequent cellmates. There is no indication that either inmate placed with Attaway had a history of attacking cellmates. *Brown*, 398 F.3d at 911-913 (inmate states a claim when attacker had a known propensity of violence towards a specific group of inmates); *Santiago v. Walls*, 599 F.3d 749, 758 (7th Cir. 2010) (inmate states claim when attacker had a history of assaulting cellmates). Nor are there any allegations to suggest Attaway reported any threats from his cellmate. He alleges that he sent letters, but he fails to indicate when he sent the letters, the contents of those letters, and whether he received any responses. Although Attaway alleges that he was raped by a previous cellmate, there is no indication that the

defendants were aware that subsequent cellmates posed a danger to Attaway. Without more, Attaway fails to state a claim for the alleged failure to protect him from further assaults. Thus, Count 1 is **DISMISSED without prejudice**.

**Count 2**

Attaway does, however, state a claim in Count 2 for retaliation. Attaway alleges that he was placed on crisis watch without clothing or any of his property. He alleges that officers told him that he was placed on watch because he had filed a lawsuit against Warden Galloway. He also heard guards say that both Galloway and mental health director Ms. Smith authorized his placement. At this stage, that is enough to state a claim for retaliation in Count 2. Thus, Count 2 shall proceed against Warden Darren Galloway and Ms. Smith.

## Motion to Consolidate

In addition to his Complaint, Attaway filed a motion to consolidate his current case with his previously filed case regarding the first assault (Doc. 20). *See Attaway v. Hallcon's Safety Director, et al.*, Case No. 23-cv-2613-GCS. Attaway alleges that the claims in his earlier filed case involve similar issues and claims. The earlier case involves a claim for officials' failure to protect Attaway from an earlier rape.

Federal Rule of Civil Procedure 42(a) allows for consolidation of actions when the two cases "involve a common question of law or fact." FED. R. CIV. P. 42(a). Consolidation of cases is left to the judge's discretion. *Blue Cross Blue Shield of Mass., Inc. v. BSC Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011). Here, Attaway's current allegations do not involve the

same facts and legal questions as the allegations in his previous case. Attaway's current claims focus on assaults that occurred after the assault in Case No. 23-cv-2613-GCS, as well as alleged retaliation he experienced for filing the earlier lawsuit. The alleged assaults in this case involve different inmates and occurred at different time periods. Further, this case involves alleged retaliatory actions involving the placement of Attaway on crisis watch. Because Attaway's current case involves different factual allegations and legal claims, consolidation is not warranted at this time. Attaway's motion to consolidate (Doc. 20) is **DENIED**.

## Motion for Counsel

As to his request for counsel (Doc. 8), Attaway alleges that he will not be able to coherently represent himself. He states that he is a high school graduate and attended some college (*Id.* at p. 2). He also indicates that he has written law firms requesting representation but has been unable to secure counsel on his own. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[5] Further, counsel is not needed at this time because Defendants have not filed an Answer nor is there anything pending that would require the assistance of counsel. Thus, the motion for counsel (Doc. 8) is **DENIED**.

---

[5] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

## Disposition

For the reasons stated above, Count 1 is **DISMISSED without prejudice**. Count 2, however, shall proceed against Warden Darren Galloway and Ms. Smith. Warden Walker, Officer Logsdon, Brian Banks, and Latoya Hughes are **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Warden Darren Galloway and Ms. Smith (mental health director at Shawnee Correctional Center): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Attaway. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Attaway, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Attaway, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Attaway is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 5/28/2024**

> */s/ Reona J. Daly*
> **REONA J. DALY**
> **U.S. Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the

defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**