IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| MICHEAL N.B. ATTAWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 24-cv-689-RJD |
| v. ) | |
| ) | |
| DARREN GALLOWAY and AMANDA ) | |
| SMITH, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, formerly incarcerated within the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983. Docs. 1, 24. He alleged that Defendants Darren Galloway and Amanda Smith, in retaliation for Plaintiff's lawsuits against Defendant Galloway, placed him on crisis watch in February 2024 at Shawnee Correctional Center. Doc. 24. Plaintiff proceeds on one claim against Defendants for violating his First Amendment rights. *Id*.

Plaintiff was incarcerated at Shawnee Correctional Center when he filed suit on March 8, 2024; he was released from prison in June 2024. Doc. 37. Defendants filed a Motion for Summary Judgment on October 16, 2024, contending that Plaintiff failed to exhaust his administrative remedies prior to filing suit, as required by 42 U.S.C. §1997e(a). Docs. 55, 56, 57. Defendants also prepared and sent to Plaintiff the notice required to inform pro se litigants of the consequences of failing to timely respond to a Motion for Summary Judgment. Doc. 57. Plaintiff filed no response (or any other type of pleading in this case) until March 31, 2025. Doc.

60. On that date, he filed a Motion for Leave to file Late Response to Defendants' Motion for Summary Judgment, stating that he did not file a timely response "due to extreme financial hardships." Doc. 60. This explanation is non-sensical. The Court is unaware of any cost-other than perhaps for paper and postage-involved in responding to Defendants' Motion. Court records reflect that between October 16, 2024 and March 31, 2025, Plaintiff filed no less than 20 new cases in the Seventh Circuit Court of Appeals and the U.S. District Courts in the Northern and Central Districts of Illinois. Clearly, Plaintiff's attention was focused on filing new cases instead of meeting the obligations of ones he filed while in prison.

Along with the Motion for Leave, Plaintiff filed his proposed response. Doc. 60-1. The response contains nothing helpful to counter Defendants' Motion for Summary Judgment-it merely cites case law of which the Court is aware and includes a one-sentence argument that "the plaintiff contends that he made a good faith attempt to file grievances regarding these matters, but they may have been misplaced or misclassified within the administrative system." *Id*., p. 2. Plaintiff's verified Complaint states that he "filed grievances at all levels of the prison grievance procedure" but "received no response or acknowledgment", which is (somewhat) more helpful than the proposed response to surviving Defendants' Motion for Summary Judgment.

The Court may allow a litigant to file a late pleading if he establishes good cause and excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Neither good cause nor excusable neglect is established in Plaintiff's Motion and proposed response to Defendants' Motion for Summary Judgment. Accordingly, Plaintiff's Motion for Leave (Doc. 60) is DENIED. Regardless, the Court must resolve the "debatable factual issue" of whether Plaintiff attempted to submit grievances that were subsequently lost by the prison. *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008). The Court will hold the evidentiary hearing on June 17, 2025 at 1:00 p.m. as previously

set in the order found at ECF No. 71 (filed on May 28, 2025).

Defendants' Response to Plaintiff's Motion for Leave notes that Plaintiff's claimed reason for filing a late response-financial problems-does not establish good cause. Doc. 62. As explained above, the Court agrees. Defendants' Response (Doc. 62) prompted Plaintiff to file multiple motions, asking the Court to "disqualify" and sanction Defendants' counsel and strike the response. Plaintiff argues that defense counsel intentionally misspelled his name, deliberately misrepresented Plaintiff's financial situation, and "failed to demonstrate basic professionalism." Plaintiff's arguments are frivolous. Defense counsel's Response (Doc. 62) is professional by any standard and makes no representations (false or otherwise) about Plaintiff's financial condition. It is not uncommon for attorneys, pro se litigants, or the Court to occasionally misspell a litigant's name. Plaintiff's Motions to disqualify and sanction counsel and strike the Response (Docs. 64, 65, 67) are DENIED.

Finally, Plaintiff asks the Court to transfer venue to the Central District of Illinois. Venue is proper in a district court where any defendant resides (if all defendants are residents of the same state in which the district court is located), or where a substantial part of the events giving rise to the suit occurred. 28 U.S.C. §1391(b). Shawnee Correctional Center is located in the Southern District of Illinois and no information suggests that either Defendant resides in the Central District of Illinois. The Court considers whether to transfer venue only if the movant establishes that venue is proper in the proposed "transferee" district and Plaintiff has failed to do so. 28 U.S.C. §1404(a). Accordingly, Plaintiff's Motion to Transfer Venue (Doc. 61) is DENIED.

**IT IS SO ORDERED.**

**DATED:  June 13, 2025**

/s/ *Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**