IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| MICHEAL N.B. ATTAWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cv-689-RJD |
| v. | ) | |
| | ) | |
| DARREN GALLOWAY and AMANDA SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, formerly incarcerated within the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983. Docs. 1, 24. He alleged that Defendants Darren Galloway and Amanda Smith, in retaliation for Plaintiff's lawsuits against Defendant Galloway, placed him on crisis watch in February 2024 at Shawnee Correctional Center. Doc. 24, p. 6. Plaintiff proceeds on one claim against Defendants for violating his First Amendment rights. *Id*.

Plaintiff was incarcerated at Shawnee Correctional Center when he filed suit on March 8, 2024; he was released from prison in June 2024. Doc. 37. Defendants filed a Motion for Summary Judgment on October 16, 2024, contending that Plaintiff failed to exhaust his administrative remedies prior to filing suit, as required by 42 U.S.C. §1997e(a). Docs. 55, 56, 57. Along with their Motion, Defendants filed a Notice that explained the consequences of failing to respond to the Motion. Doc. 57.

Plaintiff did not file a timely Response to the Motion.[1]  Plaintiff's verified Complaint states that he "filed grievances at all levels of the prison grievance procedure" but "received no response or acknowledgment" to those grievances.  Doc. 1, p. 5.  Consequently, the Court held an evidentiary hearing on the "debatable factual issue" of whether Plaintiff attempted to submit grievances that were subsequently lost or ignored by the prison.  *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008).

### Exhaustion Requirements

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  Inmates who intend to file suit are required to follow all steps and instructions in the grievance process before filing with the Court in order to "[allow prisons] to address complaints about the program [they administer] before being subjected to suit, [reduce] litigation to the extent complaints are satisfactorily resolved, and [improve] litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).  An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident or problem to his or her institutional counselor.  20 ILL. ADMIN. CODE § 504.810(a).  The grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint."  20 ILL. ADMIN. CODE § 504.810(c).  If more than sixty days has passed since the discovery of the incident or problem, the grievance will still be considered if the

---

[1] On March 31, 2025, Plaintiff filed a Motion for Leave to file a Response to the Motion for Summary Judgment. Doc. 60.  Within the proposed Response, Plaintiff stated that he "made a good faith attempt to file grievances regarding these matters, but they may have been misplaced or misclassified within the administrative system."  Doc. 60-1, p. 2.  The Court denied Plaintiff leave to file the proposed Response because Plaintiff had not established good cause or excusable neglect for the late filing.  Doc. 73.

inmate can demonstrate good cause for the lapse of time. *Id*. §504.810(a).

If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances." *Id*. §504.830(e). The CAO then advises the inmate of a decision on the grievance. *Id.* An inmate may appeal the decision of the Chief Administrative Officer in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

### Plaintiff's grievance records

Records from Shawnee Correctional Center reflect that in 2023, Plaintiff submitted grievances in June, August, and October regarding medical treatment and staff conduct. Doc. 56-2. No records indicate that Plaintiff submitted a grievance within 60 days of the crisis watches in February 2023. *Id*.

### *Pavey* Hearing

Plaintiff appeared at the hearing held on June 17, 2025. Doc. 75. After being sworn in, the undersigned asked Plaintiff to explain the efforts he made to submit a grievance regarding the issues alleged in this case. Plaintiff testified that the grievance process forces inmates to "double litigate" and places an undue burden on pro se litigants. He encouraged the undersigned to read his book The Obliteration of the Gate Keeper which contains his critique of the Prison Litigation Reform Act. Plaintiff stated that he had no other arguments to make or testimony to offer.

**Discussion**

Plaintiff's grievance records reflect that he failed to exhaust his administrative remedies prior to filing suit. The Court held a *Pavey* hearing because Plaintiff's verified Complaint stated that he had submitted grievances at all levels of the prison grievance procedure and not received a response. Having had the opportunity to hear Plaintiff refuse to provide any testimony to support that statement, and the opportunity to witness Plaintiff's demeanor, the Court finds that the statement in Plaintiff's Complaint is not credible. It is obvious that Plaintiff believes he should not have had to submit a grievance regarding the incidents alleged in his Complaint. No precedential authority allows the undersigned to bypass the exhaustion requirement in this case. *See Hernandez v. Lee*, 128 F. 4th 866, 869 (7th Cir. 2025). Defendants' Motion for Summary Judgment is GRANTED. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** June 18, 2025

*s/ Reona J. Daly*
**Reona J. Daly**
**United States Magistrate Judge**