IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHEAL N.B. ATTAWAY,          )
                               )
        Plaintiff,             )
                               )        Case No. 24-cv-689-RJD
    v.                         )
                               )
DARREN GALLOWAY and AMANDA     )
SMITH,                         )
                               )
        Defendants.            )
                               )

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, formerly incarcerated within the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983.  Docs. 1, 24.  He alleged that Defendants Darren Galloway and Amanda Smith violated his First Amendment rights at Shawnee Correctional Center.  *Id*. Defendants filed a Motion for Summary Judgment on the issue of administrative remedy exhaustion, contending that Plaintiff failed to exhaust his administrative remedies against them prior to filing suit.  Docs. 55.  Along with their Motion, Defendants filed a Notice that explained the consequences of failing to respond to their Motion.  Doc. 57.  Plaintiff did not file a timely Response, but in his verified Complaint stated that he "filed grievances at all levels of the prison grievance procedure" and "received no response or acknowledgement to those grievance.  Doc. 1, p. 5.  Consequently, the Court scheduled an evidentiary hearing on the "debatable factual issue" of whether Plaintiff attempted to submit grievances that were lost or ignored by the prison.  *Pavey*

*v. Conley*, 544 F.3d 739 (7th Cir. 2008).

Plaintiff appeared via videoconference at the hearing on June 17, 2025. After being sworn in, the undersigned asked Plaintiff to explain the efforts he made to submit a grievance regarding the issues alleged in this case. Plaintiff testified that the grievance process forces inmates to "double litigate" and places an undue burden on pro se litigants. He encouraged the undersigned to read his book The Obliteration of the Gate Keeper which contains his critique of the Prison Litigation Reform Act. Plaintiff stated that he had no other arguments to make or testimony to offer. The undersigned subsequently granted Defendants' Motion for Summary Judgment, noting that no precedential authority allows the undersigned to bypass the exhaustion requirement in this case. Doc. 76.

Nearly two weeks after entering judgment in this case, the Court received Plaintiff's "Declaration under Penalty of Perjury…in Regards to Defendants' Motion for Summary Judgment" (Doc. 78) and "Motion for Judicial Notice and Request for Order to Purchase Books and Vacate Hearing due to Constitutional Violations" on June 30, 2025 (Doc. 79). The documents are not dated, but it appears that they were mailed prior to the hearing, as Plaintiff asks the Court to cancel the hearing that was set for June 17, 2025. Regarding the declaration, Plaintiff was given the opportunity to offer testimony and make arguments in response to Defendants' motion at the hearing, and he declined to do so (other than asking the Court to read his book). The Court will not reconsider its previous ruling based on arguments and evidence that could have been presented prior to judgment. *Sanchelima Int'l, Inc. v. Walker Stainless Equipment Co.*, 920 F.3d 1141, 1146 (7th Cir. 2019).

As for the Motion, Plaintiff asks the Court and Defendants to purchase the books that he has authored and that are for sale on amazon.com regarding his experiences in prison and his belief

Page **2** of **3**

that the PLRA is unconstitutional.   The motion is DENIED AS MOOT.   Plaintiff had the opportunity to present his arguments at the June 17, 2025 hearing.

**IT IS SO ORDERED.**

**DATED:   March 31, 2026**

s/ *Reona J. Daly*

**Reona J. Daly**
**United States Magistrate Judge**